IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY LANGLEY, et al., | ) | Case No. 2:25-cv-209 |
| Plaintiffs, | ) | |
| | ) | Judge Edmund A. Sargus, Jr. |
| v. | ) | |
| | ) | Magistrate Judge Elizabeth P. Deavers |
| NETJETS AVIATION, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AGAINST UNION AND TO CONDUCT DISCOVERY**

**COMES NOW,** Plaintiffs Gregory Langley, Hiram Scott, Otto Rossner, William Belcher, Jim Mohr Donald Ross Joseph Akins, Roger Stout and Gary Caswell, collectively Plaintiffs and submit their Motion for leave to file their amended complaint to add NetJets Association of Shared Aircraft Pilots ("Union") as an additional party defendant, and to request discovery from Defendant NetJets Aviation Inc. ("NetJets"), and in support of same would show:

**Background**

1. This case was recently transferred from the N.D. Texas to this district and preliminary matters have been assigned to Magistrate Judge Elizabeth P. Deavers.

2. Plaintiffs' current live complaint is Plaintiffs' Second Amended Complaint (Doc. 49), which was filed with leave of court (Doc. 48). In its Order granting leave to file, the court specifically found the proposed amendment was not futile, and that Plaintiffs had met the administrative exhaustion requirement to bring their claims under the ADEA (Doc. 48).

1

3. Defendant NetJets has filed three Rule 12b motions, the first two of which were dismissed as moot (Id.).[1]

4. NetJets subsequently filed its Motion to Dismiss Plaintiffs' Second Amended Original Complaint and supporting Brief (Docs. 50, 51) attacking Plaintiffs' claims for relief under the ADEA, for declaratory relief, and for retaliation.

5. Plaintiffs filed their opposition to NetJets Motion (Doc. 54).

## Motion for Leave to Amend

6. Plaintiffs filed an unfair labor practices charge against the Union with the NLRB, which was assigned Case 16-CB-345115.

7. The basis for Plaintiffs' charge against the Union was that the Union colluded with management in enacting legislation to impose mandatory age 70 retirement policy effective January 10, 2024.

8, On or about December 29, 2022, 49 U.S.C. § 44729 was amended to allow carriers covered by the statute, including the Company, to elect to implement an Age 70 Mandatory Retirement policy. That amendment, however, did not mandate that covered carriers implement a Mandatory Retirement policy. On or about January 10, 2023, the Company notified pilots of its election to implement an Age 70 Mandatory Retirement policy for all pilots. Although the Union filed a grievance on behalf of affected pilots, the System Board of Adjustment decision dated December 26, 2023 (Case No. 20-2023) indicated that the Union collaborated with NetJets management in seeking the legislative amendment to the detriment of its member pilots who were or would become age 70.

---

[1] In its Memorandum Opinion, the Court also found NetJets' Motion for Sanctions as moot (Id.).

9. The NLRB subsequently dismissed the charge against the Union for lack of jurisdiction in December 2024.

10.. The System Board of Adjustment opinion (Doc. 54) issued on December 26, 2023, relied upon by NetJets in its Motion (Doc. 55 at p. 6), specifically indicates that the Union and NetJets collaborated to implement the legislative age cap which was attached to a federal Omnibus bill that at the time of passage in December 2022 only applied to carrier operators with 75,000 turbojet operations in calendar year 2019 or any subsequent year, which was NetJets.

11. Because the Union had a conflict of interest in representing the affected pilots, given that if terminated because they had reached age 70 they could be replaced with younger cheaper pilots, the Union's ultimate decision to acquiesce in NetJets insistence on adopting the legislation was directly prejudicial to Plaintiffs and other similarly affected pilots.

12. For this reason, Plaintiffs should be allowed to file their 3d Amended Complaint adding the Union as an additional party defendant.

13. Defendant NetJets will not be prejudiced as the proposed amended complaint is timely brought and based on developments in the case which have occurred since the filing of Plaintiffs' Second Amended Complaint.[2]

14. Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a " court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend. *Forman v. Davis*, 371 U.S. 178, 182 (1962);" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir.

---

[2] NetJets has yet to file its Answer in this case.

1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment...." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

15. With the amendment of Plaintiffs' Second Amended Complaint, there is no apparent burden that will be placed on the Court or the NetJets nor will NetJets be unfairly prejudiced by the granting of this motion. See, *Rios v. Grifols Biomat USA*, 2020 WL 169704 (M.D. La. Apr. 7, 2020) (granting leave after amended complaint filed w/o leave of court).

16. The allegations against NetJets remain the same; the only change is the addition of the Union based on Plaintiffs' earlier filed NLRB charge for unfair labor practice, as specified above. A copy of Plaintiffs' proposed Third Amended Original Complaint is appended to this Motion.

17. For all of these reasons, Plaintiffs submit there is good cause under Rule 15(a)(2) to obtain leave to file their amended complaint against the Union.

## Motion to Conduct Limited Discovery

18. Plaintiffs seek leave to obtain limited discovery from NetJets, including 1) communications between and among NetJets, the Union, other carriers, Congress and the pilots about NetJets' efforts to pass the legislation adopting the age 70 mandatory retirement for pilots of NetJets and

4

2) to obtain a set of the evidence presented at the arbitration hearing on whether the adoption of the mandatory violated the CBA.

19. This requested discovery pertaining to communications surrounding the enactment of the legislation upon which NetJets relies in its Motion to Dismiss is pertinent to a ruling on the merits of Plaintiffs' ADEA, declaratory relief and retaliation claims which NetJets attacks in its renewed motion to dismiss under Rule 12b.

20. It is also pertinent to Plaintiffs' proposed claims of unfair labor practices against the Union, given its collaboration with NetJets and conflict of interest in representing the affected pilots in the grievance proceedings.

21. The other limited discovery sought by Plaintiffs is to obtain a set of the exhibits admitted before the Systems Board of Adjustments on the grievance filed by the Union against NetJets.

22. This limited discovery is necessary to respond to the substantive attacks by NetJets on Plaintiffs' claims for relief and to show the collusion between the Union and NetJets in adopting the voluntary age 70 requirement for NetJets' pilots.

23. Both the parties and the Court's focus in the prior and current motions filed by NetJets was on jurisdictional and venue issues, which resulted in the transfer of the case to this district.

24. Because NetJets' Motion relies upon extrinsic evidence, Plaintiffs should be allowed the opportunity to conduct limited discovery.

25. As found by the Court in *Saat v. United States USAA F.S.B.*, 2024 U.S. Dist. LEXIS 159194 (E.D.Ky. June 20, 2024) granting limited discovery before any formal discovery period has yet to begin, where a Rule 12(b) motion, or one converted to a motion for summary judgment under Rule 56 due to consideration of extrinsic evidence, deciding the merits of Plaintiffs' claims for relief, previously found plausible, in the absence of discovery would "offend concepts of fundamental

fairness." *Moore v. Shelby Cnty., 718 F. App'x 315, 319 (6th Cir. 2017)* quoting *White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231 (6th Cir. 1994)*).

26. *Saat* also addresses whether Plaintiffs limited discovery requests are dilatory. There, the court denied the motion to dismiss without prejudice where the discovery period had yet to begin and plaintiff complied and fulfilled his obligation to inform the court of the need for discovery prior to disposition of the motion. *Saat*, *18.

27. For these reasons, Plaintiffs should be allowed to engage in the requested limited discovery from NetJets prior to the disposition of NetJets' Motion.

By: /s/ Jonathan Hilton
Jonathan Hilton
HILTON PARKER LLC
7658 Slate Ridge Blvd,
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com

/s/ Steven E. Clark
Steven E. Clark, Esq.
Texas State Bar No. 04294800
Clark Firm, PLLC
5445 La Sierra Drive, #415
Dallas, Texas 75231
T: (214) 890-4066
F: (214) 853-5458

AND

**Daniel G. Gibbins**
dan@gibbinslaw.com
Texas Bar No. 24097734
**Gibbins Law, PLLC**
1515 W SW Loop 323
Tyler, Texas 75701
T: (903)-405-1752
F: (903)-405-1763

6

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify on this 4th day of June 2025, I electronically filed this Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Steven E. Clark